IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01270-ZLW

OTTO F. RIVERA-BOTTZECK,

    Applicant,

v.

MARIO ORTIZ, District Director for Denver Office Immigration and Customs Enforcement,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 25 2006

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION FOR EXTENSION OF TIME
TO FILE MOTION TO RECONSIDER AND NOTICE OF APPEAL

---

On August 15, 2006, Applicant Otto R. Rivera-Bottzeck filed a "Combined Pro Se Motion for the Language of 8 U.S.C. § 1252, and for Enlargement of Time to File Subsequent Pleadings in this Case." Previously, on August 9, 2006, the Court dismissed this action without prejudice for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). In the Motion, Applicant asks the Court for an extension of time to file a motion to reconsider pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure.

The Court is not empowered to grant Plaintiff additional time to file a motion to reconsider pursuant to Rules 59 and 60. Fed. R. Civ. P. 6(b) grants the district court limited authority to extend various time limits under the rules. Rule 6(b) provides that the court "may not extend the time for taking any action under Rules . . . 59(b), (d), and (e), and 60(b) except to the extent and under the conditions stated in them." **See also Collard v. United States**, 10 F.3d 718, 719 (10th Cir. 1993). Rules 59 and 60 provide

no exceptions to the ten-day rule. Thus, the Court lacks authority to grant Applicant's motion for additional time to file a motion to reconsider under Rules 59 and 60.

To the extent that Applicant seeks an extension of time to file a notice of appeal, in civil cases a notice of appeal must be filed with the clerk of the district court within thirty days from the date of entry of the judgment appealed from. Fed. R. App. P. 4(a)(1). This time limit is "mandatory and jurisdictional." *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 777 (10th Cir. 1993). Applicant is appealing from the order and judgment of dismissal filed on August 9, 2006. He filed a request for an extension of time to file an appeal on August 15, 2006. As a basis for the request, Applicant alleges that he does not have access to law that pertains to immigration issues and that he is not familiar with the provisions of 8 U.S.C. § 1252(e).

Rule 4(a)(5)(A)(i) of the Federal Rules of Appellate Procedure provides that the district court may extend the time to file a notice of appeal if a party so moves no later than thirty days after the initial thirty days for filing an appeal expires. If an officer of the United States is a party, the district court may extend the time to file a notice of appeal if a party so moves no later than thirty days after the initial sixty days for filing an appeal expires. *See* Fed. R. App. P. 4(a)(1)(B) and (a)(5)(A)(i). Here, because an officer of the United States is a party, an initial sixty-day period for filing a notice of appeal applies. Rule 4(a)(5)(A)(ii) also provides that the party must show excusable neglect or good cause in a motion for an extension of time to file a notice of appeal.

As stated above, the order and judgment of dismissal in the instant action was filed on August 9, 2006. The initial sixty-day period for appeal from the order will expire on October 9, 2006. The additional thirty days allowed by Rule 4(a)(5) extends until November 8, 2006, for the August 9, 2006, Order and Judgment of Dismissal.

Applicant's request for an extension, filed on August 15, 2006, was filed within the time allowed by Fed R. App. P. 4(a)(5)(A). Nonetheless, the Court fails to find good cause for the request for extension of time. Applicant has sufficient time to submit an appeal regarding this Court's dismissal of the instant action.

As for his request that the Court provide him with the language of 8 U.S.C. § 1252, the Court finds that in the attachments to Applicant's § 2241 Application is a copy of a grievance dated March 17, 2006, in which he was told that he may "put in a request for specific materials to Mr. Mestas and he will attempt to meet those needs." (Application at Attachs. (Step-One Grievance).) Mr. Rivera-Bottzeck also was told, at the latest April 25, 2006, that he could "submit a request through the Librarian for a[n] Inter-Library Loan and an attempt will be made to get [Title 8 of the U.S. Code Annotated] for you. [Y]ou have been told this and have yet to submit a request." (Application at Attachs. (Step-Two Grievance).) Applicant has failed to allege he attempted to submit a request for a copy of § 1252 after he received a response to the step-two grievance but was denied the request. Accordingly, it is

ORDERED that Applicant's Combined Pro Se Motion for the Language of 8 U.S.C. § 1252, and for Enlargement of Time to File Subsequent Pleadings in this Case, filed August 15, 2006, is denied without prejudice and with leave to refile at a later date.

DATED at Denver, Colorado this 24 day of Aug., 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01270-BNB

Otto F. Rivera-Bottzeck
Prisoner No. 110751
Huerfano County Corr. Center
304 Ray Sandoval Street
Walsenburg, CO 81089

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 8/25/06

GREGORY C. LANGHAM, CLERK

By: _____
            Deputy Clerk