IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01270-ZLW

OTTO F. RIVERA-BOTTZECK,

Applicant,

v.

MARIO ORTIZ, District Director for Denver Office Immigration and Customs Enforcement,

Respondent.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 2 2 2006

GREGORY C. LANGHAM
CLERK

---

ORDER CONSTRUING MOTION FOR TRANSFER
AS A MOTION TO RECONSIDER AND
DENYING THE MOTION TO RECONSIDER

---

On August 31, 2006, Applicant Otto R. Rivera-Bottzeck filed a "Supplement and Renewal of Request for the Court's Assistance in Providing Pro Se Applicant the Language of Statute 8 U.S.C. § 1252 and Section 106 of the Real ID Act." Mr. Rivera-Bottzeck also filed a document titled "Applicant's Pro-Se Motion for Transfer of This Case to the Jurisdiction of the Tenth Circuit Court of Appeals," on September 6, 2006.

Applicant's request for a copy of the Real ID Act (RIDA) and of 8 U.S.C. § 1252, will be denied as moot. Mr. Rivera-Bottzeck states that since he filed the Renewal of Request for the Court's Assistance he has been able to obtain a copy of Section 106 of RIDA. He also concedes that this Court does not have jurisdiction over the instant action and asks that the Court transfer the action to the United States Court of Appeals for the Tenth Circuit (Tenth Circuit).

Mr. Rivera-Bottzeck's Motion for Transfer is a challenge to the Court's August 9, 2006, Order and Judgment of Dismissal in the instant action. A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." ***Van Skiver v. United States***, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed within ten days after the judgment will be considered pursuant to Rule 59(e). ***See id.*** A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). ***See id.*** at 1243. Applicant's Motion for Transfer was filed more than ten days after the Court's August 9, 2006, Order. Therefore, the Motion for Transfer is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. ***See Massengale v. Oklahoma Bd. of Examiners in Optometry***, 30 F.3d 1325, 1330 (10th Cir. 1994).

In the Motion to Reconsider, Applicant argues that this Court has authority to transfer the instant action to the Tenth Circuit pursuant to 8 U.S.C. § 1252(a)(2).[1] He further contends that he was not aware of the changes in § 1252 prior to this Court apprising him of the changes in the August 9, 2006, Order. He further contends that he has acted in good faith in pursuing his claims in a habeas action, that for no fault of his own was he unable to file a habeas action in the proper jurisdiction before this time, and

---

[1] Although Applicant refers to 28 U.S.C. § 1252(a)(2) as authority for this Court to transfer the instant action to the Tenth Circuit, the proper federal statute is 8 U.S.C. § 1252.

2

that in light of the strict rules and guidelines established by the Tenth Circuit it is necessary for this Court to transfer this action to the Tenth Circuit.

Pursuant to RIDA if a 28 U.S.C. § 2241 habeas case challenging a final order was pending in a district court as of May 11, 2005, it was required that the case be transferred to the proper court of appeals and that the case be treated as a petition for review. **See** § 1252 Historical and Statutory Notes, Transfer of Cases. Cases that were pending in a district court on May 11, 2005, were found to be exempt from the thirty-day time limit set forth in § 1252(b)(1) for filing a petition for review. **See id.**; **Medellin-Reyes v. Gonzales**, 435 F.3d 721, 723 (7th Cir. 2006).

Mr. Rivera-Bottzeck's Application was not pending in this Court on May 11, 2005, and in fact was not commenced until over a year after RIDA became effective. Regardless of the reasons Applicant sets forth for not being able to file a § 2241 action prior to June 23, 2006, when he submitted the instant Application for filing, a transfer of this Application is not proper under the § 106(c) transfer provision of RIDA. **See Chen v. Gonzales**, 435 F.3d 788, 790 (7th Cir. 2006).

Upon consideration of the Motion to Reconsider and the entire file, the Court finds that Applicant fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Therefore, the Motion to Reconsider will be denied. Accordingly, it is

ORDERED that Applicant's Motion for Transfer, filed September 6, 2006, is construed as a Motion to Reconsider filed Pursuant to Fed. R. Civ. P. 60(b) and is denied. It is

FURTHER ORDERED that Applicant's Renewal of Request for the Court's Assistance, filed August 31, 2006, is denied as moot.

DATED Denver, Colorado this 21 day of Sept., 2006.

BY THE COURT:

*[signature]*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01270-BNB

Otto F. Rivera-Bottzeck
Prisoner No. 110751
Huerfano County Corr. Center
304 Ray Sandoval Street
Walsenburg, CO 81089

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on _9-22-06_

GREGORY C. LANGHAM, CLERK

By: _____
              Deputy Clerk